# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No.: _____ |
| v. | ) |
| | ) |
| DALE RONALD STRONG, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

## COMPLAINT

Plaintiff, the United States of America, by and through Matthew G.T. Martin, the United States Attorney for the Middle District of North Carolina, alleges as follows:

## INTRODUCTION

1. The United States of America brings this action pursuant to the False Claims Act ("FCA"), 31 U.S.C. §§ 3729 *et seq.*, seeking treble damages and civil penalties, and under common law and equitable theories of recovery.

2. The United States alleges that the defendant, Dale Ronald Strong, fraudulently obtained disability annuity benefits from the United States Railroad Retirement Board, a federal agency, from October 2014 through August 27, 2018 (the "relevant time period").

3. On November 7, 2018, Defendant pled guilty to one count of making a false statement for the purpose of fraudulently obtaining occupational disability benefits from

the Railroad Retirement Board, in violation of 45 U.S.C. § 231*l*(a); *see also* 31 U.S.C. § 3730(e).

**PARTIES**

4. The United States brings this action on behalf of the United States Railroad Retirement Board ("RRB"), which made the subject payments of this complaint.

5. Defendant Dale Ronald Strong is a resident of Rockingham, Richmond County, North Carolina. During the relevant time period, he owned and operated Zipp Transportation/Quality Dependable Services.

**JURISDICTION AND VENUE**

6. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 & 1345.

7. This Court may exercise personal jurisdiction over Defendant under 31 U.S.C. § 3732(a) because Defendant resides and/or transacts business in the Middle District of North Carolina.

8. Venue is proper in the Middle District of North Carolina pursuant to 31 U.S.C. § 1391(b) and 31 U.S.C. § 3732(a).

**BACKGROUND**

9. The RRB's primary function is to administer comprehensive retirement, disability, survivor, and unemployment/sickness benefit programs for the nation's railroad workers and their eligible family members.

10. The Railroad Retirement Act, as amended, 45 U.S.C. §§ 231 *et seq.*, provides

benefits, in the form of occupational disability annuities, for railroad workers whose permanent physical or mental condition is such that they are unable to engage in any regular employment.

11. The occupational disability annuity program is administered by the RRB, and is financed by taxes paid by railroad employees.

12. To qualify for these federal benefits, disabled railroad workers who meet the requirements of the program must disclose to the RRB any employment and income that might affect the claimant's entitlement to benefits.

13. Such workers must also disclose any improvements in their physical condition.

14. Disability annuity benefits cannot be claimed or paid for any month in which a claimant earns in excess of a monthly earnings limit, after deduction of impairment-related work expenses.

15. Between 2013-2018, benefits could not be claimed or paid for any month in which the claimant earned in excess of the following limits, after deduction of impairment-related work expenses:

    a. 2013: $810 monthly

    b. 2014: $840 monthly

    c. 2015: $850 monthly

    d. 2016: $880 monthly

    e. 2017: $910 monthly

f. 2018: $920 monthly

**DEFENDANT'S WRONGFUL CLAIMS FOR BENEFITS**

16. Defendant initially applied for RRB benefits on November 8, 2001, by completing an "Application for Employee Annuity," or Form AA-1. RRB's income and other reporting requirements are set out in the Application. The Application provides that making a false statement to the RRB would be punishable under federal law. Defendant signed this form, certifying, among other things, that he had received a booklet of information regarding which events must be reported, and that: "I also understand that I am responsible for reporting events that would affect my annuity as explained in that booklet."

17. Also on November 8, 2001, Defendant completed an "Application for Determination of Employee's Disability," or Form AA-1d. In that application, Defendant certified that he understood the various reporting requirements related to disability benefits, including the following: "I know that if I make a false or fraudulent statement in order to receive benefits from the RRB . . . I am committing a crime which is punishable under Federal law. I agree to immediately notify the RRB if I perform **any** work (including self-employment)." Defendant also certified that failure to report work and earnings promptly could result in criminal prosecution and/or penalty deductions in annuity payments.

18. At the time of his application, Defendant received other documentation stressing the importance of reporting self-employment earnings of whatever type, including the RB-1d Employee Disability Benefits booklet. The version of the RB-1d in

4

effect as of Defendant's application provided:

> Until you reach full retirement age, your work and earnings will be evaluated to see if you are able to do regular work. Also, work performed after your disability annuity begins may raise a question about medical recovery regardless of the amount of your earnings. . . . In any case, all work and earnings by a disability annuitant must be reported promptly to the RRB in order to avoid potential overpayments and penalties.

19. Pursuant to Defendant's application, the RRB awarded him a monthly disability annuity.

20. Each year, RRB sent disability annuitants, including Defendant, "Disability Reminder Notices." These notices were sent in, among other prior dates, November 2014, October 2015, and November 2016. The notices provided that an annuitant "MUST" report work, earnings, and certain other events, including if:

> You perform work, including self-employment for a family owned, controlled, or managed business, including a business, operated, managed or owned by you, a family member, friend or close associate, whether for pay or not and without regard to how the business is organized . . .
>
> You become a corporate officer of, own or operate a corporation (including a corporation owned by a family member or a friend), whether for pay or not.

21. On July 10, 2015, Defendant provided a "Continuing Disability Report," Form G-254, to the RRB Office in Charlotte, North Carolina. In Section # 3 of this report, Defendant checked "no" when asked if he had worked for an employer between 10/19/1994 and the present. Defendant also indicated "No Work Not S/E" on the form. Defendant stated in the report that he suffered from a back and left shoulder injury, and from sciatic nerve and rotator cuff surgery. Defendant represented that these conditions prevented him from working. Defendant signed the form, and certified that he understood that civil and

5

criminal penalties could be imposed for false or fraudulent statements on the form, and that the information provided on the form was true, complete, and correct. Defendant also certified that he had received booklets regarding disability benefits and events that must be reported, and understood that he was responsible for reporting any events that would affect his annuity.

22. Notwithstanding these representations and certifications, Defendant had incorporated a business, Zipp Transportation, almost a year earlier, on July 15, 2014. Zipp Transportation provided passenger transportation, including between Richmond County and Piedmont Triad International Airport.

23. At the time of the representations and certifications in the Continuing Disability Report, Defendant had earned income through Zipp Transportation, yet did not report this income to RRB.

24. Defendant continued to earn money through Zipp Transportation between October 2014 and April 2017, yet did not report this income to RRB.

25. During the relevant time period, Defendant applied for and received disability benefits for numerous months in which his income greatly exceeded the monthly income limit.

26. During the relevant time period, Defendant received both disability benefits and income exceeding the statutory monthly earnings cap, and failed to disclose income in excess of the monthly limit.

27. Defendant fraudulently obtained $73,981.31 in monthly annuity payments

during the relevant time period.

28. Defendant was not eligible to receive disability benefits for such months.

29. Defendant knew that he was not eligible to receive disability benefits for such months.

30. Defendant was aware of the RRB reporting requirements for self-employment earnings and aware that he failed to report such earnings.

**COUNT ONE**
**False Claims Act – Presenting and Causing False Claims**
**(31 U.S.C. § 3729(a)(1)(A))**

31. The United States re-alleges and incorporates by reference all Paragraphs of the Complaint set out above as if fully set forth here.

32. During the relevant time period, Defendant knowingly presented and/or caused to be presented to the United States Railroad Retirement Board false or fraudulent claims or a false record for payment or approval.

33. The claims, records, and statements were false and fraudulent in that Defendant earned more than the relevant monthly earnings limit within the meaning of the applicable statutory provisions and was not eligible for occupational disability benefits.

34. Each claim for payment made for occupational benefits, as described above, constitutes a false claim made to the United States, as defined in the False Claims Act.

35. Defendant presented or caused to be presented such claims with actual knowledge of their falsity, or with reckless disregard or deliberate ignorance of whether or not they were false.

7

36. The United States has suffered damages because of this wrongful conduct.

37. Under the False Claims Act, 31 U.S.C. § 3729(a), Defendant is liable to the United States for three times the damages sustained by the United States, together with a civil penalty for each false claim which Defendant presented, or caused to be presented, to the United States.

## COUNT TWO
### False Claims Act: False Statements Material to False Claims
### (31 U.S.C. § 3729(a)(1)(B))

38. The United States re-alleges and incorporates by reference all Paragraphs of the Complaint set out above as if fully set forth here.

39. During the relevant time period, Defendant knowingly made, used, or caused to be made or used, false records or statements material to false or fraudulent claims submitted to the United States, and payment of those false or fraudulent claims by the United States was a reasonable and foreseeable consequence of Defendant's statements and actions.

40. The claims, records, and statements were false and fraudulent in that Defendant earned more than the relevant monthly earnings limit within the meaning of the applicable statutory provisions and was not eligible for occupational disability benefits.

41. Defendant made or used, or caused to be made or used, such false records or statements with actual knowledge of their falsity, or with reckless disregard or deliberate ignorance of whether or not they were false.

42. The United States sustained damages because of this wrongful conduct.

43. Under the False Claims Act, 31 U.S.C. § 3729(a)(2), Defendant is liable to the United States for three times the damages sustained by the United States, together with a civil penalty for each false claim which Defendant presented, or caused to be presented, to the United States.

## COUNT THREE
### Unjust Enrichment

44. The United States re-alleges and incorporates by reference all Paragraphs of the Complaint set out above as if fully set forth here.

45. The conduct described in the foregoing paragraphs caused Defendant to receive benefits from the United States to which he was not entitled.

46. By directly or indirectly obtaining government funds to which he was not entitled, Defendant has been unjustly enriched by his receipt of benefits, and is liable to account for and pay as restitution such amounts, or the proceeds therefrom, which are to be determined at trial, to the United States.

## PRAYER FOR RELIEF

The United States demands and prays that judgment be entered in its favor against Defendant as follows:

A. On Counts One and Two under the False Claims Act, for the amount of the United States' damages, trebled as required by law, plus costs of investigation and prosecution, and such civil penalties for each false claim as are authorized by law, together with such further relief as may be just and proper.

B. On Count Three for unjust enrichment, for restitution in the amount of the damages

sustained and/or amounts by which Defendant was unjustly enriched, plus interest, costs, and expenses, and for all such further relief as may be just and proper.

C. Pre- and post-judgment interest, costs, and such other relief as the Court may deem appropriate.

Dated: March 17, 2020

          Respectfully submitted,

          MATTHEW G.T. MARTIN
          United States Attorney

          */s/ Cassie L. Crawford*
          Cassie L. Crawford, NC # 45396
          Rebecca A. Mayer, TX #24092376
          Assistant U.S. Attorneys
          United States Attorney's Office
          101 South Edgeworth Street, 4th Floor
          Greensboro, NC 27401
          336-333-5351
          cassie.crawford@usdoj.gov
          rebecca.mayer@usdoj.gov